UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JABBAR COLLINS,

                Plaintiff,

   -against-                                          MEMORANDUM AND ORDER
                                                         05-CV-5595 (NGG)

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF PROBATION; DAVID H. YIN,
INDIVIDUALLY, AND AS ASSISTANT
GENERAL COUNSEL FOR THE NEW YORK
CITY DEPARTMENT OF PROBATION,

                Defendants.
-----------------------------------------------------------x
GARAUFIS, United States District Judge.

      Plaintiff a prisoner, proceeding *pro se*, brings this action pursuant 42 U.S.C. § 1983 alleging that defendants have violated his rights under the First, Fifth and Fourteenth Amendments to the Constitution by allowing the Brooklyn District Attorney's office to intervene in two probation proceedings. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directs plaintiff to submit an amended complaint within 60 days of the date of this order as detailed below.

                                        Background

      Plaintiff filed the instant complaint in the United States District Court for the Southern District of New York, which by order dated November 18, 2005, transferred the action to this Court.[1]

---

[1] Plaintiff has two prior actions in this Court. See Collins v. Lippman et al., 04-CV-3215 (FB) (§ 1983, plaintiff alleged defendants violated his rights under the First, Fifth and Fourteenth Amendments by denying him access to docket sheets and other court records. Stipulation of dismissal entered October 14,

1

On December 14, 2005, plaintiff filed an amended complaint. Plaintiff alleges that the New York City Department of Probation ("Department of Probation") maintains a custom and policy

> whereby the BDAO, [Brooklyn District Attorneys Office] public officials, under the cloak of the NYCDOP, freely wield the power of their office to impact probationer-witnesses' sentences while totally depriving the public, of inter alia, its liberty interest and First Amendment right to knowledge of those actions and the basis upon which they were undertaken.

Amended Complaint at 3, ¶ 8. Plaintiff further alleges that there is a conspiracy to deprive him,

> (a) of access to plea and sentencing proceedings; (b) to know which public officials sought to and/or used their offices to encourage the court or its designees to treat Diaz and Ingrao leniently; (c) to know which public officials used their offices to influence or impact Diaz' and Ingrao's sentences; (d) to monitor governmental affairs; (e) to evaluate the activity of public officials; (f) to informed discussion of governmental matters; and (g) to criticize public officials

Amended Complaint at 13, ¶ 50. Plaintiff seeks declaratory relief, a permanent injunction requiring the Department of Probation to "desist from serving as front for the BDAO when that office seeks to covertly impact or influence probationer-witnesses' sentences . . . " and monetary damages. Amended Complaint at 19-20.

## Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted;

---

2005); see also Collins v. Etheridge et al.,04-CV-4138 (FB) (§ 1983, plaintiff alleged defendants violated his rights under the First, Fifth and Fourteenth Amendments by denying him access to docket sheets and other court documents. On December 13, 2005, at a conference held before Lois Bloom, United States Magistrate Judge, plaintiff agreed to voluntarily dismiss the action).

or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915(b); Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## Discussion

To establish a conspiracy under § 1983, a plaintiff must show: (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002); Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Furthermore, to state a cause of action under 42 U.S.C. § 1985, a plaintiff must allege that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999) (quoting Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993)).

In Ciambriello, the court explained that "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Id. at 325 (quoting Dwares v. City of N.Y., 985 F.2d 94, 100 (2d Cir.1993). The Second Circuit deemed the factual allegations inadequate in Ciambriello because plaintiff had "not provided any details of time and place and failed to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense." Hernandez v. Goord, 312 F.Supp.2d 537, 546 (S.D.N.Y. 2004).

Plaintiff has not alleged, except in the most conclusory terms, the existence of a conspiracy, and fails to allege any facts from which racial motivation may be found or inferred. See Straker v. Metropolitan Transit Auth., 333 F.Supp.2d 91, 102 (E.D.N.Y. 2004) ("Conceptually, the Court believes that there is a distinction to be drawn between fair notice of what the plaintiff's claim is and the grounds upon which it rests; conclusory allegations cannot satisfy the latter." (internal quotation omitted)).

## Conclusion

In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given sixty (60) days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000). In his amended complaint, plaintiff must set forth the relevant facts that support his allegation of a conspiracy. No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days for plaintiff to comply with this order. If he fails to comply with this order within the time allowed, the complaint shall be dismissed. See 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444- 45 (1962).

S0 ORDERED.

                                              /s/
                                   NICHOLAS G. GARAUFIS
                                   United States District Judge

Dated: Brooklyn, New York
      December 21, 2005

5